Filed 12/21/22  P. v. Jones CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MERLIN SYLVESTER JONES,<br><br>    Defendant and Appellant. | H049264<br>(Santa Clara County<br>Super. Ct. No. C1760945) |

**THE COURT[1]**

Defendant Merlin Sylvester Jones appeals from the judgment imposed after his resentencing.  Jones contends that we should reverse and remand his case for resentencing in accordance with the amendments to Penal Code section 1170, subdivision (b)[2] effected by Senate Bill No. 567 (2021-2022 Reg. Sess.), and that we should vacate the criminal justice administration fee imposed by the trial court that has been repealed by Assembly Bill No. 1869 (2019-2020 Reg. Sess.).  For the reasons set forth below, we reverse the judgment and remand for resentencing, and we strike the unpaid balance of the criminal justice administration fee.

---

[1] Before Greenwood, P. J., Grover, J. and Danner, J.

[2] Undesignated statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[3]

Jones was convicted following a jury trial of attempted second degree robbery (§§ 211 & 664; count 2), assault with a semiautomatic firearm (§ 245, subd. (b); count 3), and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 4).[4] The jury found true the allegations as to count 2 that Jones personally and intentionally used a firearm causing great bodily injury on a non-accomplice (§§ 12022.7, 12022.53, subds. (b), (c), & (d)), and as to count 3 that he personally used a firearm (§ 12022.5, subd. (a)), and personally inflicted great bodily injury on a non-accomplice (§ 12022.7, subd. (a)). Jones also admitted that he had suffered a prior strike conviction and a serious felony conviction.[5] (§ 667, subds. (a), (b)-(i).) The trial court sentenced Jones to a total determinate term of 11 years, followed by an indeterminate term of 25 years to life.

On November 25, 2020, this court reversed the judgment and remanded the case for resentencing to allow the trial court the opportunity to exercise its recently-conferred discretion to strike the five-year penalty imposed under section 667, subdivision (a) in accordance with Senate Bill No. 1393 (2017-2018 Reg. Sess.). (*People v. Jones* (Nov. 25, 2020, H046461) [nonpub. opn.] 2022 WL 6937348.)

On remand, on June 30, 2021, the trial court sentenced Jones to the term of 25 years to life in prison, consecutive to 11 years, as follows: as to count 2, the court imposed the upper term of three years, doubled as a result of the strike, for a total of 6 years, plus a consecutive 25 years to life term based on the firearms enhancement (§ 12022.53, subd. (d)); as to count 3, the court imposed a concurrent term of 16 years, consisting of a midterm sentence of six years, doubled because of the strike, plus a four-

---

[3] We have omitted the facts of the offense because they are not relevant to the analysis and disposition of this appeal.

[4] We grant the parties' joint request for judicial notice of the appellate record from case No. H046461.

[5] The trial court declared a mistrial as to count 1, which charged Jones with attempted murder. (§§ 187 & 664.)

year enhancement for personal use of a firearm (§ 12022.5, subd. (a)), and it struck the section 12022.7, subdivision (a) enhancement pursuant to section 1385, subdivision (b)(1); as to count 4, the court imposed a concurrent midterm of two years, doubled because of the strike, plus a consecutive five-year enhancement under section 667, subdivision (a). With regard to the section 667, subdivision (a) enhancement, the court acknowledged its discretion and determined that it was in the interest of justice to impose it. The court also imposed a number of fees, including a criminal justice administration fee of $129.75 payable to the City of San Jose, pursuant to Government Code sections 29550, 29550.1, and 29550.2.

Jones timely appealed.

## II. DISCUSSION

### A.     Senate Bill No. 567

Jones contends that he is entitled to remand for resentencing in light of Senate Bill No. 567, which amended section 1170, subdivision (b). The Attorney General correctly concedes this argument.

At the time of Jones's resentencing, section 1170, subdivision (b) provided that the choice between sentencing a defendant to the lower, middle, or upper term "shall rest within the sound discretion of the court." (See former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.) Effective January 1, 2022, Senate Bill No. 567 amended section 1170 to make the lower term the presumptive term when specific circumstances were a contributing factor in the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) As relevant here, one such circumstance is that the person "is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the offense." (§ 1170, subd. (b)(6)(B).) Section 1016.7, subdivision (b) defines "youth" as "any person under 26 years of age on the date the offense was committed."

3

Jones's case was not final when the amendments to section 1170 effectuated by Senate Bill No. 567 took effect. We agree with the parties that Jones is entitled to retroactive application of the amended statute because it is an ameliorative change in the law and there is nothing to indicate that the Legislature intended the change to apply only prospectively. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *In re Estrada* (1965) 63 Cal.3d 740, 745; see also *People v. Martinez* (2020) 54 Cal.App.5th 885, 891 ["for purposes of *Estrada* retroactivity, the focus is not on when a conviction becomes final but rather when the sentence imposed on that conviction becomes final"].)

The parties agree that at the time of the offenses in this case, Jones was a "youth" as defined by section 1016.7, and thus he is entitled to remand and resentencing under the amended statute. Because the trial court on resentencing imposed the upper term on count 2 and the middle term on counts 3 and 4 without considering whether his youth was a contributing factor to the offense, we will remand to the trial court to hold a new sentencing hearing and resentence Jones on all counts.[6]

### B. Assembly Bill No. 1869

Jones argues that we should vacate the $129.75 criminal justice administration fee imposed by the court under Government Code sections 29550.1, 29550.2, and 29550.3 because those provisions have been repealed by Assembly Bill No. 1869. The Attorney

---

[6] Jones additionally contends that remand is required based upon Senate Bill No. 597's amendment to section 1170, subdivision (b)(2), which provides that the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." The Attorney General does not explicitly concede this argument, and instead asserts that the trial court has discretion to re-impose the upper term sentence on remand based upon the record that was before it at the time of Jones's resentencing. Because we remand on the basis that the trial court did not consider whether his youth was a contributing factor to the offense, we need not resolve whether remand is required on the basis of the amended language in section 1170, subdivision (b)(2).

General contends that no action is required by the court because the criminal justice fee is no longer enforceable.  We agree with Jones that the balance of the fee must be vacated.

While this appeal was pending, the Legislature reduced or eliminated many criminal fees.  Relevant here, Assembly Bill No. 1869, operative July 1, 2021, repealed Government Code sections 29550.1, 29550.2, and 29550.3, which had permitted local government entities to recover fees for administrative costs incurred in conjunction with arresting and booking persons who were convicted of a criminal offense related to that arresting and booking.  (Stats. 2020, ch. 92, §§ 24-26.)  Assembly Bill No. 1869 also enacted Government Code section 6111, which states that as of July 1, 2021, the unpaid balance of any court-imposed costs pursuant to sections 29550.1, 29550.2, and 29550.3 "is unenforceable and uncollectable and any portion of a judgment imposing those costs shall be vacated."  (Stats. 2020, ch. 92, § 11.)  The Attorney General asserts that relief under Government Code section 6111 is "automatic" and therefore there is no need to order the unpaid balance stricken or vacated.  The Attorney General's argument ignores the plain language of the statute, which states that the portion of the judgment imposing those costs "shall be vacated."  (Gov. Code, § 6111; see *People v. Clark* (2021) 67 Cal.App.5th 248, 260 [rejecting Attorney General's argument, which was addressed to identical language in section 1465.9, that striking the fee from the judgment was not necessary].)  Therefore, the balance of the criminal justice administration fee must be vacated.

### III. DISPOSITION

The judgment is reversed and the matter is remanded for resentencing under Penal Code section 1170, subdivision (b), as revised by Senate Bill No. 567.  We strike the unpaid balance of the $129.75 criminal justice administration fee.  The trial court is directed to amend the judgment to reflect this modification.